IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNIE LEE BOAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-3452-BD |
| | § | |
| ROCKWALL COUNTY SHERIFF'S OFFICE, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Johnnie Lee Boan, an inmate in the Rockwall County Jail, against the Rockwall County Sheriff's Office and two detention officers. On December 13, 2011, plaintiff tendered a complaint to the district court and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Two sets of interrogatories were sent to plaintiff to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on January 4, 2012 and January 26, 2012. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

As best the court can decipher his complaint and interrogatory answers, plaintiff appears to allege that he was wrongfully stopped and arrested by Rockwall County law enforcement officers on or about January 21, 2011. (*See* Plf. Compl. at 2; Mag. J. 1st Interrog. #9; Mag. J. 2d Interrog. #5). Plaintiff was charged with possession of a controlled substance and booked into the Rockwall County Detention Center. (*Id.*). While incarcerated on that charge, plaintiff filed a federal lawsuit seeking unspecified relief in connection with the traffic stop. That case is pending before another judge in this district. *Boan v. Morris*, No. 3-11-CV-3436-G-BH. In the instant case, plaintiff complains that two detention officers at the Rockwall County Jail intercepted, opened, and read legal mail related to his federal lawsuit and his state drug case. (*See* Mag. J. 1st Interrog. #1, 3; Mag. J. 2d Interrog. #1, 3).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim against the Rockwall County Sheriff's Office. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, No. 3-07-CV-1476-M, 2007 WL 4403983 at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). Because plaintiff fails to allege or otherwise demonstrate that the Rockwall County Sheriff's Office is a separate legal entity having jural authority, his claims against this defendant must be dismissed. *See Johnson v. Jackson*, No. 3-09-CV-2045-G, 2010 WL 1233508 at *2 (N.D. Tex. Mar. 5, 2010), *rec. adopted*, 2010 WL 1233537 (N.D. Tex. Mar. 29, 2010), *appeal dism'd*, 414 Fed.Appx. 673, 2011 WL 700966 (5th Cir. Feb. 28, 2011) (recognizing that Kaufman County Sheriff's Department is not a separate legal entity having jural authority).[1]

---

[1] Even if plaintiff is permitted to substitute Rockwall County Sheriff Harold Eavenson as a party, he has failed to state a claim for relief against this putative defendant. In his interrogatory answers, plaintiff explains that his claim against the Sheriff is based on alleged wrongdoing by his subordinates. (*See* Mag. J. 2d Interrog. #4). However, there is no vicarious liability under 42 U.S.C. § 1983. *See Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 534 (5th Cir. 1997) ("Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983.").

C.

The gravamen of plaintiff's complaint is that two Rockwall County detention officers, Corporal Compton and Sergeant Gray, violated his constitutional rights by intercepting, opening, and reading his legal mail. (*See* Mag. J. 1st Interrog. #1; Mag. J. 2d Interrog. #1(d)). This claim implicates plaintiff's right of access to the courts and his right to free speech. *See Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993). To rise to the level of a constitutional violation, plaintiff must allege that "his position as a litigant was prejudiced by the mail tampering." *Id., citing Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.), *cert. denied*, 112 S.Ct. 2974 (1992). Nowhere in his complaint or interrogatory answers does plaintiff allege that he was prejudiced by the opening of his legal mail. Instead, plaintiff merely complains that his mail was opened and read outside his presence without his consent. (*See* Mag. J. 2d Interrog. #1(g)). Such conduct does not amount to a constitutional violation. *See Brewer v. Wilkinson*, 3 F.3d 816, 820-21 (5th Cir. 1993), *cert. denied* 114 S.Ct. 1081 (1994) (recognizing authority of prison officials to review incoming and outgoing mail).[2]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

---

[2] To the extent plaintiff asserts any claims arising out of the traffic stop and his arrest on state drug charges, including allegations of racial profiling and Fourth Amendment violations, those claims should be summarily dismissed as duplicative of the claims made in his prior lawsuit. *See Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (complaint that duplicates claims asserted in an earlier case may be deemed malicious and subject to summary dismissal); *Wilson v. Lynaugh*, 878 F.2d 846, 849-50 (5th Cir.), *cert. denied*, 110 S.Ct. 417 (1989) (same).

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 31, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE